UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

JOVAL PAINT CORP., *doing business as* Sol
Rubin Painting,

                                             Petitioner,

                                               v.

JOHN DREW, *as President and Director of
Servicing of District Council No. 9 International
Union of Painters and Allied Trades, A.F.L.-C.I.O.*,
and NELSON BARBECHO,

                                             Respondents.

**MEMORANDUM & ORDER**
19-CV-2968 (MKB)

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Joval Paint Corp., doing business as Sol Rubin Painting, commenced the above-captioned action on April 29, 2019, by filing a petition in the New York Supreme Court, Suffolk County, to vacate an arbitration award (the "Award") issued against him for violating the Independent Trade Agreement (the "ITA") governing his employment of Respondent Nelson Barbecho. (Verified Pet. to Vacate the Arbitration Award ("Pet. to Vacate"), annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) On May 20, 2019, Respondents John Drew, as President and Director of Servicing of District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union"), and Barbecho removed the action to federal court, invoking federal jurisdiction pursuant to 28 U.S.C. sections 1441 and 1331 and section 301 of the Labor Management Relations Act (the "LMRA"). (Notice of Removal ¶¶ 2–3, Docket Entry No. 1 (citing 29 U.S.C. § 185(a)).)

Petitioner moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to vacate the Award as procedurally and substantively defective.[1]  Respondents cross-moved to confirm the Award pursuant to 9 U.S.C. § 9, for dismissal of Petitioner's motion to vacate as time-barred, for lack of statutory grounds for vacatur under the New York Civil Practice Law and Rules ("CPLR") § 7511,[2] and for attorneys' fees and costs "to make it whole for having to engage in litigation to enforce a final and binding arbitration decision."  (Resp'ts' Reply 9.)  By Memorandum and Order dated February 16, 2021, the Court denied Petitioner's motion to vacate the Award, granted Respondents' cross-motion to confirm the Award, and awarded interest accrued until entry of judgment, reasonable attorneys' fees, and costs plus accrued interest (the "February 2021 Decision").  (February 2021 Decision, Docket Entry No. 62.)

On February 25, 2021, Petitioner moved to modify the February 2021 Decision "by setting aside or deleting all references to attorneys' fee[s] and costs to Respondent[s]."[3]  (Pet'r's Mot. to Set Aside Attorneys' Fees ("Pet'r's Mot.") 2, Docket Entry No. 63.)  Respondents

---

[1] (Pet'r's Mot. for Summ. J., Docket Entry No. 53; Pet'r's Rule 56.1 Statement in Supp. of Pet'r's Mot. for Summ. J. ("Pet'r's 56.1"), Docket Entry No. 54; Pet'r's Mem. in Supp. of Pet'r's Mot. for Summ. J. ("Pet'r's Mem."), Docket Entry No. 55; Decl. of Laurence Rubin ("Rubin Decl.") in Supp. of Pet'r's Mot. for Summ. J., Docket Entry No. 56; Pet'r's Reply in Supp. of Pet'r's Mot. for Summ. J. ("Pet'r's Reply"), Docket Entry No. 59.)

[2] (Resp'ts' Cross Mot., Docket Entry No. 44; Resp'ts' Mem. in Supp. of Resp'ts' Cross Mot., Docket Entry No. 45; Decl. of John Drew in Supp. of Resp'ts' Cross Mot., Docket Entry No. 46; Decl. of Lauren M. Kugielska ("Kugielska Decl.") in Supp. of Resp'ts' Cross Mot., Docket Entry No. 47; Resp'ts' Mem. in Opp'n to Pet. to Vacate, Docket Entry No. 48; Resp'ts' Rule 56.1 Counter Statement ("Resp'ts' 56.1") ¶ 1, annexed to Resp'ts' Opp'n to Pet'r's Mot., Docket Entry 48-1; Resp'ts' Reply in Supp. of Resp'ts' Cross Mot., Docket Entry No. 49.)

[3] The Court liberally construes Petitioner's motion to modify the February 2021 Decision as a motion for reconsideration.

oppose the motion and also submit materials to support their request for $18,810.00 in attorneys' fees.[4]

For the reasons set forth below, the Court grants Petitioner's motion for reconsideration, and, upon reconsideration, denies Respondents' request for attorneys' fees.

I. Discussion

    a. **Standard of review**

The standard for granting a motion to alter or amend judgment "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *United States for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'"

---

[4] (Resp'ts' Reply in Opp'n to Pet'r's Mot. ("Resp'ts' Opp'n"), Docket Entry No. 65; Decl. of Lauren M. Kugielska in Supp. of Request for Attorneys' Fees ("Kugielska Fees Decl."), Docket Entry No. 66; Hourly Billing Invoice, annexed to Kugielska Fees Decl. as Ex. A, Docket Entry No. 66-1.)

3

*Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

Motions to set aside attorneys' fees awards are subject to the same standards governing other motions for reconsideration. *See Saleh v. Francesco*, No. 11-CV-438, 2012 WL 1071261, at *4 (S.D.N.Y. Mar. 30, 2012) (citing *Williamsburg Fair Hous. Comm. v. N.Y.C. Hous. Auth.*, No. 76-CV-2125, 2005 WL 2175998, at *1 (S.D.N.Y. Sept. 9, 2005)), *aff'd sub nom. Saleh Qderopateo LLC*, 537 F. App'x 5 (2d Cir. 2013); *see also Chang v. NEO Sushi Studio Inc.*, No. 12-CV-4505, 2014 WL 11485936, at *1 (S.D.N.Y. Apr. 18, 2014) (finding that a motion to alter the judgment with respect to the court's grant of attorneys' fees and costs, "in effect a motion for reconsideration, will not be granted 'unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court'" (quoting *Shrader*, 70 F.3d at 257)). Accordingly, the award of attorneys' fees will not be reconsidered unless the moving party identifies controlling law or facts put forth in the underlying motion that the court overlooked in reaching its decision. *Saleh*, 2012 WL 1071261, at *4 (first citing *Williamsburg Fair Hous. Comm.*, 2005 WL 2175998, at *1; and then citing *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008)).

  b. **The Court grants Petitioner's motion for reconsideration**

Petitioner argues that as neither section 301 of the LMRA nor section 7511 of CPLR provide for an award of attorneys' fees and costs in proceedings to vacate or confirm an arbitration award and because the terms of the ITA do not expressly provide for such relief, the Court should "modify the [February 2021 Decision] by setting aside or deleting all references to attorneys' fee[s] and costs to Respondent[s]." (Pet'r's Mot. 2.) Petitioner also disputes Respondents' claim that he refused to comply with the arbitration award "without justification,"

4

and argues that the Court should adopt a narrow definition of "'without justification' to be when a party does not challenge an arbitration award." (Pet'r's Reply 2 (first citing *N.Y.'s Health & Hum. Serv. Emps. Union, 1199/SEIU v. Grossman*, No. 02-CV-6031, 2005 WL 5834572, at *14 (E.D.N.Y. May 13, 2005); and then citing *Nitron Int'l Corp. v. Golden Panagia Maritime Inc.*, No. 98-CV-8718, 1999 WL 223155, at *3 (S.D.N.Y. April 16, 1999)).) Petitioner contends that he did not act "without justification" in resisting compliance because he: "(i) participated in the arbitration with Respondent[s]; (ii) satisfied the Award by remitting payment to the Union (although Petitioner disagreed with the Award); and (iii) sought vacatur of the Award." (*Id.*)

Respondents argue that they are entitled to attorneys' fees and costs because Petitioner challenged the Award without justification. (Resp'ts' Opp'n 2.) In support, Respondents argue that because Petitioner "does not dispute its violation of the parties' collective bargaining agreement that is the basis of the [Award]" and because Petitioner failed to challenge the Joint Trade Committee's (the "JTC") findings, which formed the basis of the Award, despite having the opportunity to submit rebuttal, his attempt to vacate the Award was without justification. (*Id.*)

"Under the prevailing American rule, in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award. Section 301 of the [LMRA], 29 U.S.C. § 185, does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (citations omitted) (first citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); and then citing *Colavito v. Hockmeyer Equip. Corp.*, 605 F. Supp. 1482, 1488 (S.D.N.Y. 1985)). Likewise, CPLR § 7511 does not provide for an award of attorneys' fees. *See Asturiana De Zinc Mktg. v. LaSalle Rolling*

*Mills, Inc.*, 20 F. Supp. 2d 670, 674–75 (S.D.N.Y. 1998) ("New York follows the prevailing 'American Rule' on fee-shifting, permitting an award of fees only where 'specifically provided for by statute or contract.'" (quoting *Marotta v. Blau*, 659 N.Y.S.2d 586, 586 (App. Div. 1997))).

"As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227*, 774 F.2d at 47 (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)); *see also Dist. Council No. 9 v. All Phase Mirror & Glass*, No. 03-CV-219, 2006 WL 1493112, at *2 (S.D.N.Y. May 26, 2006) (noting that "when a party fails to abide by an arbitrator's determination without justification, . . . attorney's fees may be awarded" (citing *Bell Prod. Eng'rs Ass'n*, 688 F.2d at 999)).

Courts in this circuit have generally found that a party resists compliance without justification where the party agrees to submit to arbitration but fails to participate in the arbitration proceeding despite being given fair notice or where the party challenges the award in bad faith. *See Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227*, 774 F.2d at 47 ("Pursuant to its inherent equitable powers, however, a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (first quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974); and then citing *Hall v. Cole*, 412 U.S. 1, 4–5 (1973))); *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *4 (S.D.N.Y. Dec. 16, 2016) (finding award of attorneys' fees warranted where respondent "agreed to submit to arbitration of disputes at the option of either party to the agreement" by entering into the

collective bargaining agreement but nonetheless "failed to participate in the arbitration proceeding, despite having been duly notified of the hearing[,] . . . failed to satisfy the award, and subsequently failed to oppose the instant petition to confirm the award"); *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03-CV-5122, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003) (awarding fees and costs where defendant "chose not to participate in the arbitration proceedings or even to oppose [the plaintiffs'] application for confirmation of the arbitration award").

In addition, courts have found that a party lacks justification for non-compliance, warranting attorneys' fees, where the party resists compliance and fails to timely contest the award. *See, e.g.*, *DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12-CV-3082, 2012 WL 3065345, at *7 (S.D.N.Y. July 25, 2012) (finding attorneys' fees were "[particularly] appropriate in the context of a challenge to an arbitration award which appears to be a largely dilatory effort" (first quoting *Manning v. Smith Barney, Harris Upham & Co.*, 822 F. Supp. 1081, 1083–84 (S.D.N.Y. 1993); and then citing *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913–14 (11th Cir. 2006))); *Soft Drink & Brewery Workers Union Loc. 812 v. Ali-Dana Beverages*, No. 95-CV-8081, 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996) (awarding attorneys' fees in finding that defendant's "fail[ure] to either pay the award or file a motion to vacate or modify . . . constitutes bad faith"); *Hotel, Motel & Rest. Emps. & Bartenders Union, Loc. 471 v. P. & J.G. Enters., Inc.*, 731 F. Supp. 88, 90 (N.D.N.Y. 1990) ("[A] party's disagreement with an arbitrator's decision is not a justifiable ground for refusing to comply with an award, for the parties have agreed by contract to accept the judgment of the arbitrator.").

7

### i. Petitioner complied with the Award

As detailed in the February 2021 Decision, Petitioner was given ten days following the November 20, 2018 arbitration hearing to review and rebut the Award.[5] Petitioner did not contest the substantive allegations that he had violated the terms of the ITA by paying Barbecho in cash, nor did Petitioner submit evidence rebutting the documents presented by Respondents at the arbitration hearing. (Pet'r's 56.1 ¶ 18; Resp'ts' 56.1 ¶ 18; Award, annexed to Answer as Ex. G, Docket Entry No. 9-7.) Instead, in January of 2019, after the expiration of the specified ten-day period to rebut the findings of the JTC, Petitioner's representative, Laurence Rubin, met with the accountant for the Union, Fred Moss, "and provided him with a detailed rebuttal to the assessed amounts that the Union maintained was owed in wages and benefits to Barbecho," including an accounting of the "amount of cash paid to Barbecho on a week to week basis for his hours worked." (Pet'r's 56.1 ¶¶ 22–24; Resp'ts' 56.1 ¶¶ 22–24.) After the meeting, on January 29, 2019, Moss emailed Rubin to inform him that the wages owed had been reduced from $28,313.05 to $24,862.50, and that the benefits owed had been reduced from $14,266.84 to $11,962.41. (Pet'r's 56.1 ¶¶ 22, 25; Resp'ts' 56.1 ¶¶ 22, 25.) Petitioner received a letter from the Union on March 14, 2019 (the "March 14, 2019 Letter") indicating that after the JTC's issuance of the Award, "rebuttal documents were reviewed and the amount owed for fringe benefits was reduced to $11,962.41." (March 14, 2019 Letter, annexed to Rubin Decl. as Ex. F, Docket Entry 60-6.) Based on the email from Moss and the March 14, 2019 Letter, Petitioner argued that "the wages and benefits in the November 20, 2018 award had been reduced," and

---

[5] (Pet'r's 56.1 ¶ 15; Resp'ts' 56.1 ¶ 15; Award 2, annexed to Answer as Ex. G, Docket Entry No. 9-7.)

8

that "the [JTC] should have issued an amended arbitration award to Petitioner." (Pet'r's 56.1 ¶ 26.) Nevertheless, Petitioner paid the Award promptly.[6]

Respondents disputed Petitioner's claim that the wages portion of the Award had in fact been reduced on the following two grounds. First, because "Moss is not a member of the [JTC], nor [was] he authorized by the [JTC] to issue a final [d]ecision and Award on its behalf," he did not have the authority to reduce the JTC's finding with regard to the amount of wages owed and Petitioner has not provided evidence to the contrary. (Resp'ts' Reply 4.) Respondents explained that reduction of the benefits portion of the Award was not authorized by the JTC but was instead handled "within the discretion of the Trustees of the District Council No. 9 Painting Industry Insurance and Annuity Funds, and is not in dispute in the matter presently before the Court." (Resp'ts' 56.1 ¶ 28 (citing Kugielska Decl. ¶ 5).) Second, Respondents acknowledged the March 14, 2019 Letter but pointed to its lack of any mention of the wages portion of the Award as evidence that the wages portion of the Award was resolved and became final on November 30, 2018, and was not subsequently reduced following Rubin's meeting with Moss. (Resp'ts' 56.1 ¶ 26; Resp'ts' Reply 4.)

Upon reconsideration, the Court finds the circumstances of this case are distinguishable from those in which courts have awarded attorneys' fees for a party's lack of justification in non-compliance with an arbitration award. In contrast, Petitioner participated in the arbitration process and timely complied with the terms of the Award as determined by the JTC. *See, e.g., LaGuardia USA, LLC v. Unite Here Loc. 100*, No. 20-CV-9163, 2021 WL 860376, at *3

---

[6] Although the parties disputed whether Petitioner paid the wages amount as calculated by Moss or by the JTC, (Pet'r's 56.1 ¶¶ 24, 27; Resp'ts' 56.1 ¶ 27), as detailed in the February 2021 Decision, the record demonstrates that by check dated February 11, 2019, Petitioner remitted the amount determined by the JTC, (February 2021 Decision 6–7 (citing Joval Paint Corp. Payroll Journal & Check, annexed to Kugielska Decl. as Ex. D, Docket Entry No. 47-4)).

(S.D.N.Y. Mar. 8, 2021) (denying request for attorneys' fees because even though the petitioner's arguments regarding application of the collective bargaining agreement "do not warrant vacatur of the [a]rbitration [a]ward, the [c]ourt cannot find that [the petitioner], by filing the instant petition, acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227*, 774 F.2d at 47)); *cf. N.Y. Hotel & Motel Trades Council v. CF 43 Hotel, LLC*, No. 16-CV-5997, 2017 WL 2984168, at *5 (S.D.N.Y June 14, 2017) (awarding fees "[b]ecause the [respondent] failed to comply with the [a]wards and presented no timely justification for contesting the [a]wards"); *N.Y.C. Dist. Council of Carpenters Pension Fund*, 2003 WL 22773355, at *3 (awarding attorneys' fees based on the party's failure to comply with or respond to arbitration award).

The Court therefore finds that Petitioner's compliance with the Award weighs in favor of denying Respondents' request for attorneys' fees and considers whether Petitioner's failure to timely challenge the Award otherwise justifies Respondents' request for attorneys' fees.

    **ii. Petitioner offers a colorable argument regarding the timeliness of his motion for vacatur**

On April 29, 2019, Petitioner filed a petition to vacate the wages portion of the Award in the New York Supreme Court, County of Suffolk, arguing that the Award should be vacated pursuant to section 7511 of the CPLR as procedurally defective because the Notice of Arbitration listed more than one grievance, failed to provide the basis of the dispute by not "clarify[ing]" whether Petitioner did not "pay wages and/or fringe benefits, or if Petitioner paid in cash for wages and/or benefits," and failed to cite to the appropriate provision in the ITA, in violation of Article XIII, section 5(a)(ii) of the ITA, which provides that "[e]ach demand shall set forth only one alleged grievance or dispute in simple and concise form, and shall set forth the basis of the grievance or dispute, with appropriate reference to the [ITA] provisions at issue, to the extent

known." (Pet. to Vacate ¶¶ 28–29; 48 Hour Hr'g Notice of Arbitration (the "Notice of Arbitration"), annexed to Resp'ts' Answer as Ex. F, Docket Entry No. 9-6.) Petitioner also argued that the Award was substantively defective because the arbitrator exceeded its power by irrationally finding that Petitioner owed wages to Barbecho that the Union acknowledged had already been remitted in cash. (Pet. to Vacate ¶¶ 33, 36.) Finally, Petitioner argued that the Award was nullified because it was "unaffirmed" (*i.e.*, notarized).[7] (*Id.* ¶ 30.)

The Court rejected Petitioner's argument that the Award was nullified due to the arbitrators' failure to have it notarized, finding that although the statute requires affirmation, this "merely requires the arbitrator to sign the award. The signature has the effect of finalizing the award, thereby concluding the arbitration process." (February 2021 Decision 15 (first quoting Weinstein-Korn-Miller, N.Y. Civ. Prac. CPLR § 7507.02; and then citing *Alava v. Consol. Edison Co.*, 583 N.Y.S.2d 291, 293 (App. Div. 1992)).) In addition, the Court determined that delivery of the Award to Petitioner on December 10, 2018, triggered the ninety-day statute of limitations period to challenge the wage-portion of the Award and rejected Petitioner's arguments to the contrary. (*Id.* at 12–16.) However, upon reconsideration, the Court finds that although lacking merit, Petitioner offered colorable arguments regarding the timeliness of his motion to vacate the Award and the challenge to the Award was therefore not made in bad faith, nor was it frivolous. *See Seneca Nation of Indians v. New York*, 420 F. Supp. 3d 89, 106 (W.D.N.Y. 2019) (declining to award attorneys' fees where petitioner's challenge to the award, "[t]hough unsuccessful, . . . cannot fairly be said to be frivolous . . . and there has been no

---

[7] As discussed in the February 2021 Decision, Petitioner did not specify what he meant by "unaffirmed," (*see, e.g.*, Pet. to Vacate ¶ 13; Pet'r's Mem. 4; Pet'r's Reply 8–9), but since the award is signed by both arbitrators, the Court construed Petitioner to be objecting to the fact that the arbitrators failed to have the Award notarized, (*see* February 2021 Decision 7 n.4).

showing that the [petitioner] sought vacatur simply as a dilatory tactic"); *cf. Prospect Cap. Corp. v. Enmon*, No. 08-CV-3721, 2010 WL 907956, at *6–8 (S.D.N.Y. Mar. 9, 2010) (finding "imposition of sanctions appropriate based on . . . the persistent, frivolous litigation filed for the purpose of frustrating arbitration" and misrepresentations of the record).

Upon reconsideration, the Court finds the award of attorneys' fees to Respondents inappropriate as Petitioner participated in the arbitration process, complied with the Award, and offered a colorable, non-frivolous argument in support of its challenge to the Award. The Court therefore modifies the February 2021 Decision to deny Respondents' request for attorneys' fees.

## II. Conclusion

For the foregoing reasons, the Court grants Petitioner's motion to reconsider the February 2021 Decision and, upon reconsideration, denies Respondents' request for attorneys' fees. The Clerk of Court is respectfully directed to close this case.

Dated: June 2, 2021
      Brooklyn, New York

                                      SO ORDERED:

                                        s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge